# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:

| | | |
|---|---|---|
| MOONEY AEROSPACE GROUP, INC., | ) | CHAPTER 11 |
| | ) | CASE NO. 04-11733 |
| Debtor | ) | |

**Hearing Date: TBD**
**Objection Deadline: TBD**

## APPLICATION TO RETAIN ATTORNEYS

Mooney Aerospace Group, Inc. (the "Debtor") hereby applies for an order authorizing the employment of Backenroth Frankel & Krinsky, LLP ("BFK") as its counsel (the "Application"). In support of this Application, the Debtor respectfully represents upon information and belief as follows:

1. On or about June 10, 2004, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. The Debtor continues to manage and operate its business and property as a Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3. Pursuant to §327(a) of the Bankruptcy Code, the Debtor desires to employ and retain BFK as counsel under a general retainer.

4. BFK has had considerable experience in bankruptcy and business matters, and is familiar with the Debtor's operations, and, therefore, is well qualified to represent the Debtor's interests as bankruptcy counsel.

#8618.1

5. The Debtor contemplates that BFK will render general legal services to the Debtor as needed throughout the course of this Chapter 11 case, as may be necessary and appropriate with respect to litigation and bankruptcy assistance and advice. Certain of the legal services that BFK may render to the Debtor may be summarized as follows:

(a) Advising the Debtor of its rights, powers and duties as Debtor and Debtor-in-possession continuing to operate and manage its business;

(b) Advising the Debtor concerning, and assisting in the negotiation and documentation of, financing agreements, debt restructuring, cash collateral orders and related transactions;

(c) Reviewing the nature and validity of liens asserted against the property of the Debtor and the advising the Debtor concerning the enforceability of such liens;

(d) Advising the Debtor concerning the actions that it might take to collect and to recover property for the benefit of the Debtor's estate;

(e) Preparing on behalf of the Debtor certain necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules and other documents, and reviewing all financial and other reports to be filed in this chapter 11 case;

(f) Advising the Debtor concerning, and preparing responses to, applications, motions, pleadings, notices and other papers which may be filed and served in this Chapter 11 case;

(g) Counseling the Debtor in connection with the formulation, negotiation and promulgation of a plan of reorganization and related documents; and

(h) Performing all other legal services for and on behalf of the Debtor which may be necessary or appropriate in the administration of this Chapter 11 case.

6. The Debtor requires knowledgeable counsel to render the above-described essential professional services. BFK has substantial bankruptcy experience, and is well qualified to represent its interests in this case.

7. Subject to the Court's approval, BFK will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered.

8. BFK will maintain detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned legal services.

9. Prior to the filing, BFK received a retainer of $127,905which retainer was and will be applied on account of legal fees and expenses incurred in representing the Debtor in contemplation of and in connection with this Chapter 11 case.

10. To the best of the Debtor's knowledge, information and belief, BFK has no other connection with the Debtor, its creditors or any other party in interest.

11. To the best of the Debtor's knowledge, information and belief, BFK represents no interest adverse to the Debtor or to its estate in the matters for which it is proposed to be retained. The Debtor submits that the employment of BFK would be in the best interests of the Debtor, its estates and their creditors. An affidavit executed on behalf of BFK in accordance with the provisions of §327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedures is annexed hereto.

12. BFK intends to apply to this Court for compensation for services rendered and reimbursement of expenses incurred post-petition in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Procedure.

13. No previous application for the relief requested herein has been made in this case.

WHEREFORE, the Debtor prays for entry of an order authorizing it to employ BFK in these cases under a general retainer and for such other and further relief as to this Court shall deem just and proper.

Dated this 14th day of June, 2004

                                  Mooney Aerospace Group, Inc.

                        By:    /s/ Nelson Happy, President